```
                                                              FILED
                                                              9/14/17 1:21 pm
                                                              CLERK
                                                              U.S. BANKRUPTCY
                                                              COURT - WDPA
```

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In Re: | : | Case No. 14-22822-GLT |
|     James J. Dilts and | : | |
|     Shelley L. Dilts, | : | Chapter 13 |
|         Debtor | : | |
| | : | |
|     James J. Dilts, | : | |
| | : | |
|         Movant | : | |
| | : | |
| vs. | : | |
| | : | Related to Document No. 79 |
| Quality Huts East, LLC | : | |
| P.O. Box 780767 | : | |
| Wichita, KS 67278 | : | |
| Attn: Payroll Administrator | : | |
|         Respondent | : | |
| | : | |
| and | : | Filed Under Local Bankruptcy |
| | : | Rule 9013.4 Para. 6(c) |
| Ronda J. Winnecour, Trustee, | : | |
|         Additional Respondent | : | |
| | : | |
| Social Security No. xxx-xx-9912 | : | |

## ORDER TO PAY TRUSTEE PURSUANT TO WAGE ATTACHMENT

The above-named Debtor(s), having filed a Chapter 13 petition and Debtor(s) or Trustee having moved to attach wages to fund the Chapter 13 Plan

IT IS, THEREFORE, ORDERED that until further order of this Court, the entity from which the Debtor receives income:

> Quality Huts Eat LLC
> P.O. Box 780767
> Wichita, KS 67278

shall deduct from said income the sum of Seven Hundred Ninety Five Dollars ($795.00) bi-weekly (each pay period) beginning on the next pay day following receipt of this order and deduct a similar amount each pay period thereafter, including any period for which the Debtor receives a periodic or lump sum payment as a result of vacation, termination or other benefits arising out of present or past employment, or from any other benefits payable to the Debtor, and shall remit the deducted sums ON    AT LEAST A MONTHLY BASIS to:

> RONDA J. WINNECOUR, ESQ.
> CHAPTER 13 TRUSTEE, W.D. PA
> POB 84051

CHICAGO, IL 60689-4002

  IT IS FURTHER ORDERED that the above-named entity shall notify the Chapter 13 Trustee if the Debtor's income is terminated and the reason therefore.

  IT IS FURTHER ORDERED that the above-named entity shall notify the Debtor's attorney, Lawrence W Willis, Esquire, Willis & Associates, 201 Penn Center Boulevard, Suite 400, Pittsburgh, PA  15235, (412) 825-5170, if the debtor's income is terminated and the reason therefore.

  IT IS FURTHER ORDERED that the Debtors shall serve this order and a copy of the Notification of Debtor's Social Security Number, Local Form No. 12, that includes the debtor's full social security number on the above-named entity. Debtor shall file a certificate of service regarding service of the order and local form, but the social security number shall not be included on the certificate.

  IT IS FURTHER ORDERED that all remaining income of the Debtor, except the amounts required to be withheld for taxes, social security, insurance, pension, or union dues be paid to the Debtor in accordance with usual payment procedures.

  IT IS FURTHER ORDERED THAT NO OTHER DEDUCTIONS FOR GARNISHMENT, WAGE ASSIGNMENT, CREDIT UNION OR OTHER PURPOSE NOT SPECIFICALLY AUTHORIZED BY THIS COURT BE MADE FROM THE INCOME OF DEBTOR WITH THE EXCEPTION OF ANY SUPPORT PAYMENTS.

  IT IS FURTHER ORDERED that this order supersedes previous orders made to the above-named entity in this case.

  IT IS FURTHER ORDERED that the above-named entity shall not charge any fee to the Debtor for the administration of this attachment order, except as may be allowed upon application to and order of this Court.

  IT IS FUTHER ORDERED that the debtor(s) shall remain responsible for timely making all monthly plan payments to the Chapter 13 Trustee, either in whole or in part, until such time as the automatic paycheck withdrawals by the employer or other automatic attachments such as automatic bank transfers or welfare checks begin.  The first Plan payment is due within thirty (30) days after the Chapter 13 Plan has been filed.  Any failure to timely remit full Plan payments to the Trustee may result in the dismissal of the case after notice and hearing.  Employers and others who fail to withhold funds and pay them over to the Trustee as ordered herein may be subject to sanctions including damages to debtor and this estate.

Dated:  September 14, 2017

            Gregory L. Taddonio cgt
            US Bankruptcy Judge

Case Administrator to serve:  Debtor, Counsel for Debtor and Trustee

United States Bankruptcy Court
Western District of Pennsylvania

In re:  
James J. Dilts  
Shelley L. Dilts  
      Debtors

Case No. 14-22822-GLT  
Chapter 13

# CERTIFICATE OF NOTICE

District/off: 0315-2     User: dkam     Page 1 of 1     Date Rcvd: Sep 14, 2017  
                    Form ID: pdf900     Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Sep 16, 2017.  
db/jdb       +James J. Dilts,    Shelley L. Dilts,    103 W Adams Ave,    Vandergrift, PA 15690-1304

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.  
NONE.                                                                                                                                         TOTAL: 0

        ***** BYPASSED RECIPIENTS *****  
NONE.                                                                                                                                             TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 16, 2017                                                  Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on September 14, 2017 at the address(es) listed below:

        James Warmbrodt    on behalf of Creditor    Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, as indenture trustee, for the CSMC 2017-1 Trust, Mortgage-Backed Notes, Series 2017-1 bkgroup@kmllawgroup.com  
        James A. Prostko    on behalf of Creditor    Wells Fargo Bank, N.A. pawb@fedphe.com, james.prostko@phelanhallinan.com  
        Lawrence W. Willis    on behalf of Debtor James J. Dilts help@urfreshstrt.com, urfreshstrt@gmail.com  
        Lawrence W. Willis    on behalf of Joint Debtor Shelley L. Dilts help@urfreshstrt.com, urfreshstrt@gmail.com  
        Mario J. Hanyon    on behalf of Creditor    Wells Fargo Bank, N.A. pawb@fedphe.com  
        Martin A. Mooney    on behalf of Creditor    Capital One Auto Finance tshariff@schillerknapp.com, ahight@schillerknapp.com  
        Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov  
        Paul William Cressman    on behalf of Creditor    Wells Fargo Bank, N.A. pawb@fedphe.com  
        Ronda J. Winnecour    cmecf@chapter13trusteewdpa.com  
                                                                                                                                                    TOTAL: 9